# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ASTERIO NIEVES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   NO. 2:02-CR-71 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on the Motion for Reconsideration, filed by Asterio Nieves on September 28, 2006. For the reasons set forth below, the motion is **DENIED**.

On September 11, 2006, Nieves filed a motion to amend the presentence investigation report ("PSI"). Nieves claimed the Bureau of Prisons believes he was assessed an enhancement for possession of a weapon, and that the Bureau of Prisons had excluded him for participating in rehabilitation programs on this basis. Nieves asked the Court to amend the PSI, making it clear that his sentence was not enhanced on the basis of a weapon. The Court denied this request on the basis that determination of prison placement and availability of rehabilitation programs is relegated to the Bureau of Prisons, and this Court lacked jurisdiction over Nieves' request. However, the Court did authorize Nieves to submit any authority to the contrary.

In the present Motion for Reconsideration, Nieves cites to *United States v. McCants*, 434 F.3d 557 (D.C. Cir. 2006), and *United States v. Spears*, 443 F.3d 1358 (11th Cir. 2006), requesting that the Court submit a statement of reasons outlining the reasons behind Nieves' sentence. These cases deal with violations of Federal Rule of Criminal Procedure 32(i)(3) which requires that a sentencing court:

> must - **for any disputed portion of the presentence report or other controverted matter**- rule on the dispute or determine that a ruling is unnecessary . . . and must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons.

Fed. R. Crim. P. 32(i)(3) (emphasis added). *McCants* and *Spears* involved situations where the district court violated Rule 32(i)(3)(C) by not attaching to the PSI its resolutions to Defendant's objections to the PSI. In this case, the Court properly abided by Rule 32 because the presentence report was not disputed and there were no objections to the PSI. During the sentencing hearing conducted on March 25, 2003, this Court found that:

> There being no objections to the factual statements contained in the Presentence Investigation Report, the Court adopts those statements as its findings of fact.
>     There being no objections to the probation officer's conclusion as to the applicable guidelines, the Court adopts those conclusions and determines that the applicable guidelines are: Total offense level of 27, criminal history category 6, calling for a 96 months imprisonment, one year of supervised release, $12,500 to $125,000 and a $200 special assessment.

(March 25, 2003 Sentencing Tr., attached to Pet.'s Mot. To Amend Presentence Investigation Report, pp. 50-51.)  Therefore, this Court stands by its ruling denying Nieves' motion to amend the PSI.

In reviewing this case and the PSI, the Court notes that in the offense level computation, two points were added for the following:

> Specific Offense Characteristic: during the execution of the federal search warrant several weapons were confiscated from the defendant's property.  Specifically, .22 caliber handgun, model RG23, serial #235694 (loaded with 6.22 caliber shells); .38 caliber handgun, brand Ijacswks, model unknown, serial #G13098 (unloaded); and a Marlin Goose shotgun, serial #11601144 (loaded with one shotgun shell).

(PSI, p. 6.)  Although the Court cannot speak on behalf of the Bureau of Prisons, it is likely the Bureau of Prisons may have determined that Nieves had a weapons enhancement based upon this section of the PSI.

**DATED:  October 17, 2006**            **/s/RUDY LOZANO, Judge**
                                        **United States District Court**